TYLER LUMBER CO. v. M. ROSENFIELD.

(No. 2576.)

APPEAL from Smith County. Opinion by WILLSON, J.

HERNDON, CAIN & GARRISON, counsel for appellant.

WEBB FINLEY, counsel for appellee.

§ 344. *Sale of personal property; executed and executory; distinction between; case stated.* W. P. and J. A. Martin, being indebted to appellee, contracted in writing to deliver to him, on the cars at Kilgore, one hundred thousand feet of lumber of a specified quality, at a specified price, and at specified dates, in payment of and to be credited upon said indebtedness at the dates of the delivery of said lumber. A portion of said lumber was delivered under said contract, and was accepted by appellee. The lumber in controversy in this suit was placed by said Martins at the railroad depot at Kilgore, and one Taylor, who was acting as the agent of appellee, was notified by them that said lumber was there to be inspected and received by him. He examined the lumber, and, finding that some of it was not of the quality specified in the contract, called the, Martins' attention to that fact, and it was agreed between said Martins and Taylor that said Martins should cull the defective lumber from the bulk and replace the same with good lumber in loading the same upon the cars, and that after the same had been so culled and loaded the credit therefor should be made upon said indebtedness. Said lumber was never culled and loaded upon the cars, but remained upon the ground at Kilgore for some time, and until it was sold by said Martins to other parties, and said other parties sold and delivered the same to appellant, and appellant removed the same to its yard at Tyler. Appellee brought this suit to recover possession of said lumber, claiming the same as his property, and sued out

a writ of sequestration therefor, which writ was levied upon a quantity of lumber found in appellants' possession. He recovered judgment in the alternative for the lumber seized, or its value, and for costs. *Held:* The controlling question in this case is, Was the lumber in controversy the property of appellee by virtue of the contract with the Martins? Did the title thereto vest in appellee prior to the sale thereof by the Martins to other parties? Was the sale by the Martins to appellee complete or only executory? It is well settled that when anything remains to be done by the seller, such as counting, weighing or measuring, when either of these operations is necessary in order to separate the goods from a larger mass of which they form a part, the title to the property does not pass. If the thing to be done by the seller is for the purpose of *specification*, the title to the property is not changed until that thing is done. But if the thing to be done by the seller is merely for the purpose of ascertaining the total value of the property at designated rates, the change of title is effected without the doing of such thing. [Cleveland v. Williams, 29 Tex. 204; 1 App. C. C. §§ 499, 1110.] In this case the sellers tendered to the purchaser a large lot of lumber in bulk. He refused to accept the entire bulk, because a portion of it was not of the quality he had contracted for, and he demanded of the sellers that they should cull the bulk, taking from it the lumber that did not fill the measure of the contract, and replace it with lumber such as the contract called for, and then place the lumber on the cars. These things the sellers agreed to do, and were things which the contract of sale bound them to do. The culling of the lumber, separating the bad from the good, was necessary for the purpose of *specification* — for the purpose of ascertaining what portion of the entire bulk should pass from the sellers to the buyer, as well as for the purpose of ascertaining the amount which should be credited upon the sellers' indebtedness to the buyer. The court should have instructed the jury plainly and fully

as to the distinction between executed and executory sales, with reference to the facts of this case; and, having failed to do so, although its attention was called thereto by special instructions requested by appellant, the judgment must be reversed.

October 12, 1887.   Reversed and remanded.